IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM S. VICTORY, *Individually*, and *on behalf of all others similarly situated*, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL NO. 3:07-CV-1797-O ECF |
| SNEED FINANCIAL SERVICES, L.L.C. *et al.*, | § § § § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Lawyers Title Company's Motion to Dismiss ("Def's Mot.") (Doc. # 25), Defendant's Appendix in Support ("Def's Appx.") (Doc. # 26), Plaintiff's Response ("Pl's Resp.") (Doc. # 27), and Defendant's Reply (Doc. # 28).

Having reviewed these filings and the applicable law, the Court finds that Defendant's Motion should be and is hereby **DENIED**.

**I.      Factual and Procedural Background**

Plaintiff, William S. Victory, brings this suit on behalf of himself and three classes of similar investors that allege to be the victims of a "Ponzi" scheme. *See* Doc. # 21 (Sec. Amd. Compl.). Plaintiff belongs to a class of investor who, from April 2001 through May 2005, purchased "Ad Topper" machines from Defendant Unlimited Cash, Inc. and service agreements from Defendant Douglas Network Enterprises. *Id.* at 5. Plaintiff alleges that Ad Toppers were

described to Plaintiff as computer monitors that would display advertising clips when placed in ATM or vending machines. *Id.*

Plaintiff alleges that Defendant Sneed Financial Services represented itself as an estate planning and senior investment specialist. *Id.* at 5. Plaintiff states that in communicating with Sneed Financial Services, the Ad Toppers were conveyed as being a sound investment opportunity that would generate 16% annual returns. *Id.* Plaintiff purchased Ad Topper investment contracts for $40,000.00 each. *Id.* at 3. Defendant Lawyers Title Company (LTC) functioned as an escrow agent for Plaintiff's investment purchases. *Id.* at 6. Plaintiff alleges he was told that each Ad Topper purchased was unique and represented by an individual serial number that would be provided to LTC for confirmation. *Id.* at 3.

Plaintiff contends that Defendants failed to disclose several facts, including that virtually all funds dispersed to investors came from new investor's funds and not from advertising sales, that many of the Ad Toppers were never placed in their promised locations, and that single machines were sold to multiple investors. *Id.* at 5-6. Plaintiff asserts that he has lost all, or substantially all, of the money originally invested in the Ad Topper machines, and that Defendants reaped millions of dollars by defrauding investors worldwide. *Id*. at 6.

Plaintiff filed suit on October 25, 2007. *See* Doc. # 1. Plaintiff brings claims against Defendant LTC for breach of fiduciary duties as an escrow agent. Sec. Amd. Compl. Plaintiff alleges that LTC knew it had an obligation to release funds only after it had verified the serial number of each Ad Topper purchased by Plaintiff, and that this obligation arose from representations made in the Ad Topper Purchase agreement that state LTC would confirm all serial numbers. *Id* at 6.

On March 12, 2008, Defendant LTC filed its Motion to Dismiss. LTC argues it was not responsible for verifying the serial numbers of the Ad Topper machines. Def's. Mot. at 2. Although the Ad Topper purchase agreement between Plaintiff and Unlimited Cash, Inc. stated LTC would verify serial numbers, LTC denies being a party to that contract. *Id.* Instead, LTC argues that the escrow instructions negotiated between LTC and Plaintiff defined the scope of its duties as an escrow agent. In those instructions, LTC asserts it had relieved itself of any responsibility for the transaction between Unlimited Cash, Inc. and Plaintiff. *Id.* In an appendix to its motion to dismiss, LTC has attached copies of the Ad Topper purchase agreement and the escrow instructions. The issue is now ripe for consideration.

## II.     Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). While the complaint does not need to contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. The allegations must be enough to raise a right to relief beyond a speculative level. *Id.*
In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376

(5th Cir. 2004). In ruling on such a motion, the court cannot look beyond the pleadings. *Spivey v Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.* If a district court considers other information "outside the complaint," it must treat the motion to dismiss as a motion for summary judgment. *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 539 (5th Cir. 2003); *see also* FED.R.CIV.P. 12(b)(6).

### III.   Analysis

Defendant LTC argues that the escrow instructions negotiated between LTC and Plaintiff define the entire scope of duties owed by LTC, and that Plaintiff's claim for breach of fiduciary duty fails as a matter of law because Plaintiff does not allege LTC breached the escrow instructions. Def.'s Mot. Defendant has submitted escrow instructions in support of its Motion to Dismiss. *See* Def's Appx. Plaintiff responds that the escrow holding instructions do not absolve an escrow agent of its fiduciary duties and that Defendant LTC's Motion to Dismiss should be denied. Pl's Resp.

As an initial matter, the Court finds that the escrow instructions Defendant has submitted in support of its motion are not properly considered in connection with Defendant's motion to dismiss. The escrow instructions are not attached to Plaintiff's Second Amended Complaint, and are not central to Plaintiff's claims. *See Collins*, 224 F.3d at 498-99. If a district court considers information "outside the complaint," it must treat the motion to dismiss as a motion for summary judgment. *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 539 (5th Cir. 2003); *see also*

4

FED.R.CIV.P. 12(b)(6). The Court declines to exercise its discretion to convert Defendant's motion to dismiss into one for summary judgment, and will not consider the escrow instructions submitted by Defendant.

Having reviewed the appropriate filings and the applicable law, the Court finds that Plaintiff has adequately stated a claim upon which relief can be granted. Taking the facts pleaded by Plaintiff as true, Plaintiff's Second Amended Complaint presents a claim that is plausible on its face. *See Twombly*, 127 S.Ct. at 1974. The Court notes that although Defendant LTC argues that its duties are solely those found within the escrow instructions, fiduciary duties arise as a matter of law and not contract. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 203 (Tex. 2002). Further, it is typically premature to determine the extent of a defendant's fiduciary status and duties at the motion to dismiss stage of the proceedings. *See In re Electronic Data Systems Corp*, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004). These questions involve a mixture of law and fact, and courts usually have insufficient facts at the motion to dismiss stage to make the needed analysis to determine fiduciary status and duties. *Id.*

Accordingly, the Court finds Defendant LTC's Motion to Dismiss should be and is hereby denied.

## IV.  Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendant LTC's Motion to Dismiss (Doc. # 25).

**SO ORDERED** on this 30th day of **March, 2009.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**